JAMES M. PETERSON, ESQ. (Bar No. 137837)
peterson@higgslaw.com
GEOFFREY M. THORNE, ESQ. (Bar No. 284740)
thorneg@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Defendants
O'REILLY AUTO ENTERPRISES, LLC and
TONJA NORLING

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GE VANG, an individual, | CASE NO. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | CASE FILED: November 17, 2016 |
| O'REILLY AUTO ENTERPRISES, LLC, a limited liability company, d/b/a O'REILLY AUTO PARTS; TONJA NORLING, an individual; DOES 1 through 20, inclusive, | |
| Defendants. | |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendants O'REILLY AUTO ENTERPRISES, LLC ("O'Reilly") and TONJA NORLING ("Ms. Norling") (collectively, "Defendants") hereby remove the action described below from the Superior Court of the State of California, County of San Joaquin, to the United States District Court for the Eastern District of California.

///

///

7792763.1

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. _____
Notice of Removal

## STATEMENT OF THE CASE

1. On November 17, 2016, Plaintiff GE VANG ("Plaintiff") filed a lawsuit in the Superior Court of California, County of San Joaquin, entitled *Ge Vang v. O'Reilly Auto Enterprises, LLC*, et al., Case No. STK-CV-UWT-2016-11670.

2. Service of the Summons and the Complaint was effectuated on O'Reilly on November 30, 2016, and on Ms. Norling on December 4, 2016. Neither O'Reilly nor Ms. Norling have answered or otherwise responded to the Complaint, or otherwise appeared in the Superior Court.

3. The above-mentioned suit is a civil action for money damages against Defendants in which Plaintiff alleges violations of California's Fair Employment and Housing Act (the "FEHA") and a related common law claim as follows: (*a*) discrimination against Plaintiff because of her gender and pregnancy, (*b*) harassment because of Plaintiff's gender and pregnancy, (*c*) retaliation for Plaintiff requesting accommodations for her pregnancy, (*d*) failure to accommodate Plaintiff's pregnancy, and (*e*) wrongful termination. Plaintiff seeks compensatory damages (loss of income and benefits, front-pay and benefits), general damages, attorneys' fees, and punitive damages.

4. In accordance with 28 U.S.C. § 1446(a), a copy of all process and pleadings served on Defendants are attached to this Notice as "**Exhibits A-B.**"

## BASIS FOR REMOVAL – DIVERSITY OF CITIZENSHIP

5. This case is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a)-(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.[1]

---

[1] The Court should disregard Ms. Norling's presence in this analysis because she was "fraudulently" joined to defeat diversity. (¶¶ 18-28.)

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. _____
Notice of Removal

A.  **Amount in Controversy**

6. "In [the Ninth Circuit], where the amount of damages are not specified in the complaint, it is the removing party's burden to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." Lewis v. Verizon Communications, Inc., 627 F.3d 395, 397 (9th Cir. 2010). The jurisdictional minimum may be satisfied by aggregating claims for special and general damages, attorney's fees, and punitive damages. Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (aggregating attorneys' fees, compensatory, punitive, and emotional distress damages in determining whether the jurisdictional minimum had been satisfied); see also Conrad Assoc. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) & Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

7. Plaintiff seeks a monetary judgment against Defendants; however, Plaintiff did not expressly allege the amount in controversy on the face of her Complaint. Nevertheless, it is apparent that the amount in controversy in this action, exclusive of interests and costs, will exceed $75,000, assuming *arguendo* that Plaintiff is able to prevail on her claims against Defendant as she prays for: (a) compensatory damages, including loss of income and benefits, (b) general damages, (c) attorney's fees; and (d) punitive damages. (Ex. A, at p. 8:11-22 ["Prayer for Relief"].)

8. Plaintiff worked ~ 25-30 hours per week during her employment with O'Reilly. (Thorne Decl., ¶ 4.) Her final rate of pay was $12.15 per hour. (Id.) Based on a reasonable assumption that this case will be tried to a jury within two years from the date of filing, Plaintiff's alleged back pay demand will total approximately $33,412.50 ($334.13 weekly earnings [27.5 hours/week x $12.15 = $334.13] x 100 [50 workweeks x 2 years = 100]) = $33,412.50). Plaintiff also seeks "loss of ... benefits," and "front-pay and benefits." (Ex. A, p. 8:14-16.)

///

7792763.1                                3

Case No. _____
Notice of Removal

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

9.    Plaintiff further prays for general damages for "humiliation, mental anguish, and emotional and physical distress," (Ex. A, ¶ 30) and for "unjust hardship and suffering" (Id., ¶ 31; see Mangold v. Cal. Pub. Util. Comm'n., 67 F.3d 1470, 1477 (9th Cir. 1997) (plaintiff in FEHA age discrimination suit awarded $30,000 in emotional distress damages); Greene v. Dillingham Const. N.A., 101 Cal.App.4th 418, 422 (Cal. 2002) (in a race retaliation action brought under the FEHA, plaintiff awarded emotional distress damages of $490,000).)

10.    Additionally, Plaintiff seeks punitive damages (Ex. A, ¶¶ 31, 35, 40, 44, 48), as well as recovery of her attorneys' fees under California Government Code section 12965(b), which requires fees be awarded to a plaintiff prevailing on any FEHA claim. (Ex. A, ¶ 28; Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); Mangold, 67 F.3d at 1478 (fee award of $724,380 in age discrimination suit affirmed); Greene, 101 Cal.App.4th at 422 (fee award of $1 million affirmed in FEHA race retaliation action).)

11.    These alleged harms and sums, taken together, plainly demonstrate the amounts at issue here exceed $75,000.

**B.    Diversity of Citizenship**

12.    At the time the action was commenced, Plaintiff was, and to O'Reilly's knowledge still is, a citizen of California. (Ex. A, ¶ 1.)

13.    At the time the action was commenced, and at the time of removal, Defendant O'REILLY AUTO ENTERPRISES, LLC is/was a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located in Springfield, Missouri. (Merz Decl., ¶ 4.)

14.    O'REILLY AUTO ENTERPRISES, LLC has one member: Ozark Services, Inc. (Id., ¶ 5.)

///

7792763.1

4

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No.
Notice of Removal

15. Ozark Services, Inc. is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in Springfield, Missouri. (Id., ¶ 6.)

16. At the time the action was commenced, and at the time of removal, Defendant TONJA NORLING is/was a citizen of, and domiciled in, the State of California. However, as discussed below, the Court should disregard Ms. Norling's citizenship and domicile for removal purposes because she was "fraudulently joined."

17. Defendants DOES 1-20, inclusive, are unidentified, there is "no information as to who they are or where they live or their relationship to the action." It is therefore "proper for the district court to disregard them." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).)

    a. <u>Ms. Norling is a "sham" defendant.</u>

18. Fraudulent joinder "is a term of art." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity 'if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." (Id., quoting McCabe, 811 F.2d at 1339 (applying fraudulent joinder doctrine in ignoring presence of individual supervisor defendants, who could not be liable for the subject employment claims as a matter of law).) In other words, the fraudulent joinder doctrine applies where there is no possibility that a plaintiff can prove a cause of action against the resident (non-diverse) defendant in the state court action. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318-1319 (9th Cir. 1998); Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 101 (5th Cir. 1990) (applying fraudulent joinder doctrine where employer was sued along with non-diverse coworker, on the grounds that the coworker was immune from liability under state law absent proof of intentional misconduct).

7792763.1
5
HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

Case No. _____
Notice of Removal

19.  This Court should disregard Ms. Norling's citizenship / domicile for purposes of removal because there is no possibility Plaintiff can state a viable cause of action against her.

  b.  <u>The non-harassment causes of action fail as a matter of law.</u>

20.  Plaintiff asserts five causes of action against Defendants styled as follows: (*1*) Pregnancy / Gender Discrimination; (*2*) Pregnancy / Gender Harassment; (*3*) Retaliation; (*4*) Failure to Accommodate; and (*5*) Wrongful Termination. (Ex. A.) The Complaint does not specify which defendant(s) the causes of action are being asserted against. Assuming Ms. Norling is named as a defendant to the claims for discrimination, retaliation, failure to accommodate and/or wrongful termination, the claims fail as a matter of law.

21.  It is well-settled that individual defendants (*i.e.*, supervisors) cannot be held liable on causes of action under the FEHA for discrimination (<u>Reno v. Baird</u>, 18 Cal.4th 640, 663 (Cal. 1998) (" ... we conclude that individuals who do not themselves qualify as employers may not be sued under the FEHA for alleged discriminatory acts")), retaliation (<u>Jones v. Lodge at Torrey Pines Partnership</u>, 42 Cal.4th 1158, 1173-1174 (Cal. 2008) (" ... we conclude that the employer is liable for retaliation under [the FEHA], but nonemployer individuals are not personally liable for their role in that retaliation), or failure to accommodate (<u>Cal. Gov. Code § 12940(m)</u> (violation of the FEHA "[f]or an employ<u>er</u> or other covered entity ... to fail to make reasonable accommodations); <u>CACI 2541</u> (prima facie case requires plaintiff to prove defendant was an employ<u>er</u> or other covered entity)). Similarly, only employers can be liable for wrongful termination claims. <u>Miklosy v. Regents of Univ. of Cal.</u>, 44 Cal.4th 876, 900 (Cal. 2008) ("An individual who is not an employer cannot commit the tort of wrongful discharge in violation of public policy; rather, he or she can only be the agent by which an employer commits that tort.").

7792763.1

6

Higgs Fletcher & Mack LLP
Attorneys At Law
San Diego

Case No. _____
Notice of Removal

22. The causes of action for discrimination (1st COA), retaliation (3rd COA), failure to accommodate (4th COA) and wrongful termination (5th COA) asserted against Ms. Norling thus fail as a matter of law.

      c. <u>Plaintiff cannot state a viable claim for harassment.</u>

23. The FEHA prohibits an employer—and supervisors—from harassing an employee based on a protected characteristic, including gender and sex. <u>Cal. Gov. Code § 12940(j)(1).</u> When a plaintiff pursues a hostile work environment sexual harassment claim (as the case is here), she must prove the "harassment is sufficiently pervasive so as to alter the conditions of employment and create an abusive work environment." <u>Mokler v. County of Orange</u>, 157 Cal.App.4th 121, 141 (Cal. 2007); <u>see also</u>, <u>Fisher v. San Pedro Peninsula Hospital</u>, 214 Cal.App.3d 590, 609 (Cal. 1989). To be "severe or pervasive," the alleged wrongdoing must be extreme: "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" are insufficient. <u>Mokler</u>, p. 142. It requires a "concerted pattern" of verbal harassment using epithets, derogatory comments, or slurs so constant and far-reaching that it interferes with the employee's performance and substantially impairs her well-being. (<u>Id.</u>; <u>CACI 2523</u>; <u>2 C.C.R. § 7287.6(b)(1)</u>.) No employee is entitled to a "stress free environment" at work. <u>Casenas v. Fujisawa USA, Inc.</u>, 58 Cal.App.4th 101, 113 (Cal. 1997).

24. In <u>Mokler</u>, an employee sued the County of Orange alleging her supervisor's sexual harassment created a hostile work environment. The plaintiff accused her supervisor of: (*1*) making degrading remarks (*i.e.,* "You're an aging nun"); (*2*) forcefully grabbing her arm while making sexually suggestive comments in the presence of two other women, as well as inappropriate statements about her body; and (*3*) putting his arm around her and, while doing so, touching her breasts. <u>Mokler</u>, 157 Cal.App.4th at 131-132. The court determined "these acts of harassment fall short of establishing a 'pattern of continuous, pervasive harassment' necessary to show a hostile working environment under FEHA." (<u>Id.</u>, p. 145.)

7792763.1

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

7

Case No. _____
Notice of Removal

Although the acts may have amounted to "rude, inappropriate, and offensive behavior," the conduct was not "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." (Id., pp. 145-146.)

25. Mokler is in accord with numerous other decisions: Anderson v. Family Dollar Stores of Arkansas, Inc., 579 F.3d 858 (8th Cir. 2009) (supervisor's rubbing employee's shoulders on several occasions, calling her "baby doll," and one telephone call suggesting sexual relations was not sufficiently severe or pervasive to alter the conditions of her employment); Brooks v. City of San Mateo, 229 F.3d 917, 924, 927 (9th Cir. 2000) (no FEHA harassment where harasser touched plaintiff's stomach, called it soft and sexy, boxed her in, put hand under sweater and bra, grasped bare breast, asked about sex, later approached to do the same and harasser served jail time); Quinn v. Green Tree Credit Corp., 159 F.3d 759 (2nd Cir. 2008) (harasser's statement that plaintiff has been voted the " 'sleekest ass' " in the office and single deliberate act of touching plaintiff's breasts with papers he was holding held insufficient); Weiss v. Coco-Cola Bottling Co. of Chicago, 990 F.2d 333 (7th Cir. 1993 (insufficient where supervisor told plaintiff how beautiful she was, repeatedly asked her out, tried to kiss her on three separate occasions, put "I love you" signs on her work area, and touched her shoulder at least six times).

26. Plaintiff's allegations of pregnancy / gender harassment do not come close to the severity of the cases referenced in the preceding paragraph where the courts declined to find actionable harassment. It is alleged that Defendants—including Ms. Norling—harassed Plaintiff by "fail[ing] to provide Plaintiff important information concerning her rights as a pregnant woman ... when notified of Plaintiff's pregnancy." (Ex. A, ¶ 33.) "Additionally, Defendants subjected Plaintiff to unjustified criticism, callously disregarded her pregnancy status, and ultimately terminated her employment." (Id.)

7792763.1

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

8

Case No. _____
Notice of Removal

27. Even taking the allegations as true, they simply do not amount to a claim for actionable harassment under any framework. Setting aside the fact that Plaintiff's conclusory characterizations are improper (Ashcroft v. Iqbal, 556 U.S. 662, 678 ("the pleading standard ... does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation")), there are no allegations evidencing that Ms. Norling created a work environment that was so hostile that it altered the conditions of employment. CACI 2521 (the harassing conduct must be so severe, widespread or persistent that a reasonable person in the employee's circumstances would have considered the work environment to be hostile or abusive). In fact, Plaintiff did not even allege that *she* considered the work environment to be hostile or abusive. CACI 2521 (plaintiff proceeding on a hostile work environment theory under the FEHA must prove, among other elements, that she considered the environment to be hostile).

28. Given the egregious pleading deficiencies, the only rational justification for Plaintiff asserting a claim for harassment against Ms. Norling (or Defendants in general) was to defeat diversity. The "fraudulent joinder" rule prohibits Plaintiff from defeating diversity on that basis, however. Accordingly, this Court should disregard Ms. Norling's citizenship and domicile for removal purposes because there is no possibility Plaintiff can prevail on the putative claim for harassment against her.

**TIMELINESS OF REMOVAL**

29. A defendant in a removable civil action has thirty (30) days from the date of service of process to remove the action to federal court. 28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-348 (1999). Service of process was effectuated on O'Reilly on November 30, 2016, and on Ms. Norling on December 4, 2016. This Notice of Removal was then filed within 30 days of November 30, 2016, and is thus timely. 28 U.S.C. § 1446(b).

///

7792763.1

9

## ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

30. Plaintiff originally filed her Complaint in the Superior Court of California, County of San Joaquin, which is located within the Eastern District of California. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 84(a) because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 114(a).

31. Pursuant to 28 U.S.C. §1446(d), Defendants will give written notice of the removal of this action to all parties and is filing a copy of that Notice with the Superior Court of California, County of San Joaquin. True and correct copies of the notice to Plaintiff and to the state court shall be filed promptly.

## JURY TRIAL DEMAND

32. Defendant hereby demands a jury trial.

## CONCLUSION

Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Joaquin, be removed to this Court.

DATED: December 30, 2016          HIGGS FLETCHER & MACK LLP

By: */s/ Geoffrey M. Thorne*
JAMES M. PETERSON
GEOFFREY M. THORNE
Attorneys for Defendants
O'REILLY AUTO ENTERPRISES, LLC and TONJA NORLING

HIGGS FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO