EXHIBIT A

CM-010

FILED BY FAX

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Robert W. Thompson (SBN: 250038) Casey A. Gee (SBN: 284830)<br>Thompson Law Offices, P.C.<br>700 Airport Blvd., Ste. 160<br>Burlingame, CA 94010<br>TELEPHONE NO.: 650-513-6111   FAX NO.: 650-513-6071<br>ATTORNEY FOR (Name): Ge Vang | FILED<br>16 NOV 17 AM 10: 24<br>ROSA JUNQUEIRO, CLERK<br>BY_____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95201
BRANCH NAME:

CASE NAME: Ge Vang v. O'Reilly Auto Enterprises, LLC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | STK-CV-UWT-2016-11670 |
|---|---|---|
| ☒ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | Real Property | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ☒ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ☒ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel  e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☒ monetary  b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action (specify): 5
5. This case ☐ is  ☒ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 14, 2016

Robert W. Thompson
_____          ▶ _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

O'Reilly Auto Enterprises, LLC, Tonja Norling, and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Ge Vang



FILED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

16 NOV 17 AM 10: 24

ROSA JUNQUEIRO CLERK

BY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: San Joaquin County Superior Court
*(El nombre y dirección de la corte es):*

222 E. Weber Avenue, Stockton, CA 95201

CASE NUMBER: STK-CV-UWT-2016-1670

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert W. Thompson, Thompson Law Offices, P.C., Suite 160, Burlingame, CA 94010, 650-513-6111

DATE: 11/17/16  Clerk, by ROSA JUNQUEIRO, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

FILED BY FAX

FILED
16 NOV 17 AM 10: 24
ROSA JUNQUEIRO, CLERK
BY _____ DEPUTY

#585 / #120571

Robert W. Thompson, Esq. (SBN: 250038)
Casey A. Gee, Esq. (SBN: 284830)
THOMPSON LAW OFFICES, P.C.
700 Airport Boulevard, Suite 160
Burlingame, CA 94010
Telephone: (650) 513-6111
Facsimile: (650) 513-6071

Attorneys for Plaintiff Ge Vang

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN JOAQUIN – UNLIMITED JURISDICTION

GE VANG, an individual;

Plaintiff,

v.

O'REILLY AUTO ENTERPRISES, LLC, a limited liability company, d/b/a O'REILLY AUTO PARTS; TONJA NORLING, an individual; DOES 1 through 20, inclusive;

Defendants.

Case No. STK-CV-WWT-2016-11670

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

(1) Pregnancy/Gender Discrimination in violation of Govt. Code §12940(a);
(2) Pregnancy/Gender Harassment in violation of Govt. Code §12940(j);
(3) Retaliation in violation of Govt. Code §12940(h);
(4) Failure to Accommodate in violation of Govt. Code §12940(m);
(5) Wrongful Termination as Against Public Policy

THIS CASE HAS BEEN ASSIGNED TO JUDGE BARBARA A. KRONLUND IN DEPARTMENT 42 FOR ALL PURPOSES, INCLUDING TRIAL

Plaintiff GE VANG alleges as follows:

PARTIES

1.   Plaintiff GE VANG (hereafter "Plaintiff") is and at all relevant times was a resident of San Joaquin County, California, and an employee or wrongfully terminated employee of Defendant O'REILLY AUTO ENTERPRISES, LLC.

2.   Defendant O'REILLY AUTO ENTERPRISES, LLC, doing business as

1
COMPLAINT FOR DAMAGES

1. O'REILLY AUTO PARTS (hereafter referred to as "O'Reilly" or "Defendant"), at all relevant times was a limited liability company doing business within the County of San Joaquin, California.

3. Defendant TONJA NORLING, at all relevant times was an employee of O'REILLY AUTO ENTERPRISES, LLC, and supervisor to GE VANG.

4. That the true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays leave to amend this Complaint to show their true names and capacities when the same have been finally determined.

## JURISDICTION AND VENUE

5. The Court has personal jurisdiction over Defendants because their acts giving rise to the claims occurred in this County. Venue is proper because the discrimination and resulting injuries to Plaintiff occurred in San Joaquin County.

## FACTUAL ALLEGATIONS

6. Defendant employed Plaintiff as an Outbound Materials Handler beginning in June 2015.

7. Plaintiff was a dedicated and hardworking employee.

8. Plaintiff received two merit-based increases in her hourly wage in the six months she worked for Defendant.

9. During her employment with Defendant, Plaintiff became pregnant.

10. On or about November 19, 2015, Plaintiff gave her supervisor, Defendant Tonja Norling, a letter from Plaintiff's doctor, which notified Defendants of Plaintiff's temporary physical limitations due to her pregnancy. The letter stated, "Pregnancy limitations: Effective 11/19/15 to 06/16/16, no lifting over 15 lbs, no pushing or pulling over 25 lbs, no bending, kneeling or reaching overhead. Able to sit down 10 mins for per hour. Free access to the restroom at all times."

11. Immediately after receiving the letter from Plaintiff's doctor regarding Plaintiff's pregnancy limitations, Ms. Norling sent Plaintiff home from work with instructions to not to return until Plaintiff spoke with O'Reilly's Human Resources department regarding the pregnancy limitations.

12. On or about November 19, 2015, Plaintiff called Heather Duncan in O'Reilly's Human Resources department and learned Ms. Duncan was on vacation that week. Ms. Norling instructed Plaintiff to contact Ms. Duncan again on Monday, November 23, 2015.

13. On or about November 23, 2015, Plaintiff called Ms. Duncan three times and left a voicemail message, but Ms. Duncan did not answer or return Plaintiff's call.

14. On or about November 24, 2015, Plaintiff called Ms. Duncan again at 9:00 a.m. At approximately 11:00 a.m., Ms. Duncan called Plaintiff informing her that Ms. Duncan had to speak with an operations manager to see which position Plaintiff could be placed in with her pregnancy limitations.

15. On or about November 24, 2015, around 2:45 p.m., an operations manager called Plaintiff advising her that she could return to work on November 25, 2015 with new hours of 10:00 a.m. to 3:00 p.m. Plaintiff advised the manager that the new hours would not work because she had to pick her children up from school at 2:30 p.m. The manager stated he would have to speak with another operations manager about scheduling earlier hours. The manager did not call Plaintiff again that day.

16. On or about November 25, 2015, around 2:35 p.m., the operations manager called Plaintiff back and stated her new schedule would be Monday through Friday from 9:00 a.m. to 2:00 p.m., and the new schedule would begin on November 27, 2015.

17. On or about December 17, 2015, during a performance evaluation, Plaintiff received her first and only warning from Defendants about Plaintiff's attendance at work. The warning solely pertained to an attendance issue that allegedly occurred in September 2015.

18. Plaintiff had no attendance issues between December 17, 2015 and December 28, 2015.

19. On or about December 28, 2015, Defendants terminated Plaintiff's employment.

3
COMPLAINT FOR DAMAGES

20. Defendants stated the reason they terminated Plaintiff's employment was due to her attendance. Defendants cited the days Plaintiff missed work as a result of requesting and waiting for accommodations for her pregnancy.

21. All of the acts and conduct described in this Complaint, whether individual, corporate, or otherwise, were duly authorized, ordered, and directed by the respective Defendant's employers, officers, and directors. In addition, these employers and managing agents participated in the aforesaid acts and conduct of their employees, agents, and each of them, and respectively ratified, accepted the benefits of, condoned, and approved each and all of the acts and conduct of the Defendant's employees.

## FIRST CAUSE OF ACTION

### (Pregnancy/Gender Discrimination in Violation of Govt. Code § 12940(a))

22. Plaintiff repeats and re-alleges Paragraphs 1 through 21 of this Complaint as though alleged in full herein.

23. Plaintiff was a member of a group protected by the California Fair Employment and Housing Act [California Government Code § 12900, et seq.] based on her pregnancy.

24. Plaintiff alleges upon information and belief that Defendants callously chose to ignore the rights of their employees to be free from discrimination in favor of its own interests and those of its managerial employees.

25. Defendants' conduct violated Govt. Code § 12900, et seq., and in particular §§ 12926.1 and 12940 by: (1) terminating Plaintiff's employment because of her pregnancy; (2) disparate application of company practices, procedures, and policies; (3) retaliating against Plaintiff for making protected accommodation requests; and (4) otherwise discriminating against Plaintiff with regard to the terms and conditions of her employment.

26. Defendants' policy, practice, routine and pervasive discrimination against Plaintiff and employees who are pregnant causes individuals who are similarly situated as Plaintiff to be demonstrably disadvantaged by depriving said individuals from continuing gainful employment with O'Reilly, despite superior qualifications and job performance. Furthermore, Defendants' policy and practice is not justified by any business necessity.

27. Plaintiff has exhausted her administrative remedies by filing the requisite claim with the California Department of Fair Employment and Housing (hereinafter referred to as "DFEH"). Plaintiff received a "Right to Sue" letter from the DFEH on November 1, 2016.

28. Plaintiff has been required to engage and has engaged the legal services of Thompson Law Offices, P.C. to file and prosecute this action, and has incurred and will continue to incur attorneys' fees and costs in so doing. Pursuant to Government Code § 12965(b), Plaintiff is entitled to recover her reasonable attorneys' fees and costs against Defendants.

29. As a direct and proximate result of Defendants' unlawful conduct and discrimination, Plaintiff has suffered damages including, but not limited to, loss of wages, salary, benefits, and additional amounts of money that Plaintiff would have received if she had been retained as an employee with Defendants.

30. As a further direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress in a sum according to proof.

31. Defendants have acted despicably with a willful and conscious disregard of the rights of Plaintiff, in their own interests, subjecting Plaintiff to unjust hardship and suffering. Therefore, in addition to compensatory damages, Plaintiff is entitled to recover punitive and exemplary damages from Defendants in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

(Pregnancy/Gender Harassment in Violation of Govt. Code § 12940(j))

32. Plaintiff repeats and re-alleges Paragraphs 1 through 31 of this Complaint as though alleged in full herein.

33. At various times during her employment, Defendants harassed Plaintiff as defined by Title 2 of California Code of Regulations § 7287.6(b) based upon Plaintiff's gender. Specifically, Defendants failed to provide Plaintiff important information concerning her rights as a pregnant woman as required by Title 2 of California Code of Regulations § 7291.16(a) when notified of Plaintiff's pregnancy. Additionally, Defendants subjected Plaintiff to

1  unjustified criticism, callously disregarded her pregnancy status, and ultimately terminated her
2  employment. Accordingly, Defendants' conduct violated Govt. Code § 12940(j) and Title 2 of
3  California Code of Regulations § 7287.6(2) and 7291.15.

4      34.    As a proximate result of the aforementioned violations, Plaintiff has been
5  damaged in an amount to be proven at trial.

6      35.    The conduct of Defendants, including their agents and employees, was done
7  with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a
8  deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which was
9  despicable, egregious, and oppressive, and constituted fraud, malice, or oppression as defined
10 by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount
11 sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

### THIRD CAUSE OF ACTION

### (Retaliation in Violation of Govt. Code § 12940(h))

14     36.    Plaintiff repeats and re-alleges Paragraphs 1 through 35 of this Complaint as
15 though alleged in full herein.

16     37.    At all times relevant to this matter, Plaintiff engaged in activities protected by
17 the California Fair Employment Act. Specifically, Plaintiff requested reasonable
18 accommodations for her pregnancy.

19     38.    Defendants subjected Plaintiff to adverse employment actions including, but not
20 limited to, termination. Plaintiff's pregnancy and request for reasonable accommodations for
21 her pregnancy was a motivating factor for these adverse actions.

22     39.    As a proximate result of the aforementioned violations, Plaintiff has been
23 damaged in an amount to be proven at trial.

24     40.    The conduct of Defendants, including their agents and employees, was done
25 with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a
26 deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which was
27 despicable, egregious, and oppressive, and constituted fraud, malice, or oppression as defined
28

by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

## FOURTH CAUSE OF ACTION

### (Failure to Accommodate in Violation of Govt. Code §§ 12940(m))

41. Plaintiff repeats and re-alleges Paragraphs 1 through 40 of this Complaint as though alleged in full herein.

42. Defendants failed to provide Plaintiff important information concerning her rights as a pregnant woman as required by Title 2 of California Code of Regulations § 7291.16(a) when notified of Plaintiff's pregnancy. Additionally, Defendants failed to accommodate Plaintiff's pregnancy and related medical conditions and then penalized Plaintiff for being unable to work without the accommodations. Accordingly, Defendants' conduct violated Govt. Code § 12940(j) and Title 2 of California Code of Regulations § 7287.6(2), 7291.15, and 7291.16.

43. As a proximate result of the aforementioned violations, Plaintiff has been damaged in an amount to be proven at trial.

44. The conduct of Defendants, including their agents and employees, was done with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which was despicable, egregious, and oppressive, and constituted fraud, malice, or oppression as defined by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

45. Plaintiff repeats and re-alleges Paragraphs 1 through 44 of this Complaint as though alleged in full herein.

46. Defendants' termination of Plaintiff's employment based upon her gender, pregnancy, and/or medical conditions related to pregnancy violated the public policy codified

1 | in Govt. Code §§ 12940(a), (h), (j), (m), and Title 2 of the California Code of Regulations §§
2 | 7291.15, 7293.7, and 7287.8.

3 |     47.    As a proximate result of the aforementioned violations, Plaintiff has been
4 | damaged in an amount to be proven at trial.

5 |     48.    The conduct of Defendants, including their agents and employees, was done
6 | with conscious disregard of plaintiff's rights, was carried out by authorized agents acting in a
7 | deliberate, calloused, and intentional manner in order to injure and damage Plaintiff, which was
8 | despicable, egregious, and oppressive, and constituted fraud, malice, or oppression as defined
9 | by Civil Code section 3294. Therefore, Plaintiff is entitled to punitive damages in an amount
10 | sufficient to punish or set an example of Defendants, in a sum to be proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendants, and each of them, as follows:

A.    For all actual, consequential and incidental losses including, but not limited to, loss of income and benefits and front-pay and benefits, back pay, according to proof, together with prejudgment interest;

B.    For general damages in an amount according to proof;

C.    For punitive damages against each Defendant in an amount deemed proper by this Court;

D.    For attorneys' fees pursuant to statutes;

E.    For costs of suit herein incurred; and

F.    For such other and further relief as this Court may deem appropriate.

Dated: November 14, 2016        THOMPSON LAW OFFICES, P.C.

By: _____
Robert W. Thompson
Casey A. Gee
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all triable issues.

Dated: November 14, 2016

THOMPSON LAW OFFICES, P.C.

By: _____
Robert W. Thompson
Casey A. Gee
Attorneys for Plaintiff

# SUPERIOR COURT OF CALIFORNIA

San Joaquin County
222 E. Weber Avenue
Stockton, CA 95201

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

Case Number: **STK-CV-UWT-2016-0011670**

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 05/22/2017 | Time: 8:45 AM | |
|---|---|---|---|
| **JUDGE** | **COURT LOCATION** | **DEPARTMENT/ROOM** | **PHONE** |
| Barbara Kronlund | Stockton | 42 | (209)992-5693 |

[ x ] ADR & Scheduling Information is available on court website @ sjcourts.org/self-help

1. You must:

    a. **Serve** all named defendant's and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint. (CRC 3.110)

    b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

    c. **Meet and Confer,** in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. (CRC 3.724)

    d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call Court Call, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website @ www.sjcourts.org for more information regarding civil cases, local rules and forms.

Date: 11/17/2016                              _____Lisa Vega_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING**